STATE OF NORTH CAROLINA v. CHARLES TABRON

No. 8510SC367

(Filed 17 December 1985)

1. **Criminal Law § 99.1 — instructions on elements before evidence presented — no expression of opinion**

    The trial judge did not express an opinion on the case when he gave an instruction informing the jury of the elements of the crime for which defendant was being tried, second degree murder, and the elements of self-defense after counsel had made their opening statements but before any evidence was presented.

2. **Criminal Law § 163 — effect of failure to object to charge**

    Where defendant failed to object to the instructions before the jury retired as required by App. Rule 10(b)(2), alleged erroneous instructions will be reviewed only for the limited purpose of determining whether "plain error" was committed.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 8 January 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 17 October 1985.

Defendant was convicted of the second degree murder of Thomas Gerald Surles. The State's evidence tends to show that:

State v. Tabron

On 5 May 1984, accompanied by his wife, children and Deborah Bobbitt, defendant was driving his car slowly down a rural road near Apex, and as the car passed Thomas Surles, a brother of Ms. Bobbitt and defendant's wife, the women yelled something at Surles, who chased the car on foot until it stopped about 100 yards away. When the car stopped the two women got out and began fighting with Surles. A little later defendant, out of the car, removed a rifle from the trunk and as Surles was walking fast toward him and was about 20 feet away, he fired the gun. A deputy sheriff, in the immediate area, heard the shot, went to the scene, and saw defendant with a rifle in his hand standing over Surles' body. A knife was on the ground near Surles' right hand.

Defendant testified that: After the fight between the women and Surles began, Ms. Bobbitt took the gun from the car and threatened Surles with it and that defendant's wife took the gun from her and put it on the ground near the car. Surles struck defendant's wife at least twice, once knocking her to the ground; the defendant then got out of the car, picked up the gun and held it pointed at the ground while watching the fight. After a few minutes, he told Surles to stop and Surles, who was bigger than him and had threatened him with a knife earlier, came after him. He could not see Surles' hands as he approached, did not know if he had a weapon, and warned him to stop; but the warning was ignored and Surles was about three feet away when defendant shot in an attempt to wound him.

*Attorney General Thornburg, by Assistant Attorney General George W. Lennon, for the State.*

*John T. Hall for defendant appellant.*

PHILLIPS, Judge.

[1]   Before any evidence was presented, but after counsel for the State and the defendant had made their opening statements, Judge Bailey stated to the jury:

> Ladies and gentlemen, I think there are perhaps a few definitions that I should give you before we get into the trial of this case. It is customary to wait until after it's over to instruct the jury, but I think in this case, because of the nature of the case, it would perhaps be useful to have a little bit in advance.

[He then defined second degree murder.]

Now based on the argument of Mr. Jackson and the questions that were asked you when the jury was selected, I believe that in all probability part of the defense in this case will be self defense.

[And he then defined self defense.]

Now that is a fairly brief description of self defense. There are other aspects of. self defense, but since I'm unable to tell at this time whether or not they will be involved in this case, I will not go into them at this time.

Defendant cites this action by the trial judge as error, contending that it expressed an opinion on the case to his great prejudice. We see no error either in what was said or when it was said, and do not believe that the defendant suffered any prejudice in any event. Though the jury charge proper has to be given after the evidence is completed, incidental instructions can be given jurors at other times as developments during the trial require. Indeed, every ruling on the admissibility of evidence or a motion to strike is in effect such an instruction. The instructions given here merely informed the jury of the elements of the crime defendant was being tried for and of a defense that was being asserted. The instructions accurately stated the law, as far as they went, and defendant does not contend otherwise; the claim is that the instructions caused the jury to focus unduly upon the crime of second degree murder "with no consideration of lesser included offenses." We reject this contention, as the jury must have understood from the instructions that they had received only some general definitions and were to focus on nothing until more specific instructions were received after the evidence had been completed and the contentions of the parties had been made in regard to it. That the lesser included offense of voluntary manslaughter was not charged on until later did not minimize that issue in our opinion, as there was no occasion to charge thereon earlier, any more than on burden of proof, reasonable doubt, credibility of witnesses, and many other things, as the jury must have realized.

[2] In his second, third and fourth assignments of error, defendant contends that several instructions given to the jury after the

evidence was completed were inaccurate, misleading and incomplete. Since none of these instructions were objected to before the jury retired, as required by Rule 10(b)(2) of the N.C. Rules of Appellate Procedure, we reviewed them only for the limited purpose of determining whether "plain error" within the meaning of *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) was committed. In our opinion, plain error was not committed in any of the court's instructions and these assignments are overruled. The defendant's other assignments of error, likewise without merit, require no discussion.

No error.

Judges WEBB and JOHNSON concur.